## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## NORTHERN DIVISION

ROBERT ALEXANDER                                        PLAINTIFF

V.                          No. 3:20-CV-333-BSM-JTR

KILOLO KIJAKAZI, Acting Commissioner,
Social Security Administration[1]                        DEFENDANT

### RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent

to United States District Judge Brian S. Miller. You may file written objections to

all or part of this Recommendation. If you do so, those objections must: (1)

specifically explain the factual and/or legal basis for your objections; and (2) be

received by the Clerk of this Court within fourteen (14) days of this

Recommendation. By not objecting, you may waive the right to appeal questions of

fact.

### I.   Introduction

On April 17, 2018, Robert Alexander ("Alexander") filed an application for

disability benefits. (Tr. at 10). In the application, he alleged disability beginning on

August 1, 2013. *Id*. In a decision dated December 10, 2019, an administrative law

judge (ALJ) denied the application. (Tr. at 20). The Appeals Council denied

---

[1] On July 9, 2021, Kilolo Kijakazi became the Acting Commissioner of the Social Security Administration and is substituted as the Defendant in this action. Fed. R. Civ. P. 25(d).

Alexander's request for review on August 20, 2020. (Tr. at 1). The ALJ's decision now stands as the final decision of the Commissioner, and Mr. Alexander has requested judicial review.[2]

For the reasons stated below, the Court concludes that the Commissioner's decision should be affirmed.

## II.    The Commissioner's Decision

At step one of the required five-step analysis, the ALJ found that Alexander had not engaged in substantial gainful activity since the alleged onset date of August 1, 2013.[3] (Tr. at 12). At Step Two, the ALJ determined that Alexander has the following severe impairments: (1) degenerative joint disease of the bilateral knees (status post right knee scope with synovectomy and chondroplasty with partial medial meniscectomy); (2) degenerative joint disease of the right shoulder with a rotator cuff tear and superior labral tear from anterior to posterior (SLAP tear); and

---

[2] Alexander filed an earlier application for benefits, which was denied in an ALJ's decision dated January 31, 2017. (Tr. at 84). Alexander's attorney suggested at the hearing that Alexander had filed a complaint in federal court disputing that denial, but there is no evidence that such action was taken. (Tr. at 37–39). This case is ripe for review before this Court.

[3] The ALJ followed the required five-step analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment (Listing); (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)–(g), 416.920(a)–(g).

(3) right biceps tendinitis (status post right shoulder scope with open subacromial decompression, biceps tenodesis, and rotator cuff repair). (Tr. at 13).

After finding that Alexander's impairments did not meet or equal a listed impairment (Tr. at 15), the ALJ determined that he had the residual functional capacity (RFC) to perform work at the light exertional level, with the following additional limitations: (1) he can never climb ladders, ropes, or scaffolds; (2) he can no more than occasionally climb ramps and stairs and no more than occasionally stoop, crouch, kneel, and crawl; (3) he can no more than occasionally reach overhead with the right upper extremity; and (4) he can no more than frequently handle and finger with the right upper extremity. (Tr. at 15).

At Step Four, the ALJ found that Alexander could perform his past relevant work as a folding machine operator. (Tr. at 18). The ALJ made an alternative finding at Step Five: Relying upon testimony from a vocational expert ("VE"), the ALJ found that, based on Alexander's age, education, work experience and RFC, jobs existed in significant numbers in the national economy that he could perform, including work as a charge account clerk and telephone quotation clerk. (Tr. at 20). Therefore, the ALJ found that Alexander was not disabled. Id.

### III.   Discussion

A.   Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> Our review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision. Reversal is not warranted, however, merely because substantial evidence would have supported an opposite decision.

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

In clarifying the "substantial evidence" standard applicable to review of administrative decisions, the Supreme Court has explained: "And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . 'is more than a mere scintilla.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 59 S. Ct. 206, 217 (1938)). "It means—and means only—'such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion.'"
*Id*.

B.   Alexander's Arguments on Appeal

Alexander contends that the evidence supporting the ALJ's decision to deny benefits is less than substantial. His sole argument is that the ALJ did not properly analyze or discuss Alexander's subjective complaints.

Alexander complained of bilateral knee pain and right shoulder pain. Objective imaging revealed degenerative changes, and Alexander pursued right knee surgery and right shoulder surgery. (Tr. at 1663, 2477–2479). After the 2018 right knee surgery, Alexander reported to his surgeon that he was "doing well with no significant problems." (Tr. at 1663, 1692). Improvement in condition supports an ALJ's finding that a claimant is not disabled. *See Lochner v. Sullivan*, 968, F.2d 725, 728 (8th Cir. 1992). His surgeon noted that Alexander was ambulating without an assistive device. *Id*. His surgeon told him to progress with normal activities, with follow up as needed. (Tr. at 1694). Throughout the relevant time period, Alexander showed normal gait and coordination with 5/5 strength in upper and lower extremities. (Tr. at 444–450, 478–480, 1682–1693). His doctors urged home stretching and strengthening exercises. (Tr. at 475–480). A physician's recommendation to exercise suggests that a claimant has an increased functional capacity. *See Moore v. Astrue*, 572 F.3d 520, 524 (8th Cir. 2009). Moreover,

Alexander attended physical therapy, which provided some relief. (Tr. at 576–583). His physical therapist noted that he tolerated treatment well. (Tr. at 592).

Alexander underwent right shoulder surgery in 2019, but was non-compliant with treatment recommendations thereafter. (Tr. at 2490–2494). He complained of some pain after the surgery but no other significant problems. *Id*. His surgeon noted at a March 2019 clinic visit that Alexander actively abducted and flexed his shoulder when he removed his shirt. *Id*. And his surgeon cautioned him further about failing to follow post-operative instructions, stating that he would release him from care if he continued to be noncompliant. *Id*. A claimant's non-compliance with treatment is a legitimate consideration in evaluating the validity of his alleged disability. *See Holley v. Massanari*, 253 F.3d 1088, 1092 (8th Cir. 2001).

Alexander asserts that the ALJ did not properly consider or discuss his subjective complaints.[4] On the contrary, the ALJ did just that. At the hearing, he questioned Alexander about work history and activities of daily living.[5] (Tr. at 42–

---

[4] When evaluating a claimant's subjective complaints of pain, the ALJ must consider objective medical evidence, the claimant's work history, and other evidence relating to (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the claimant's functional restrictions. *See Schwandt v. Berryhill*, 926 F.3d 1004, 1012 (8th Cir. 2019). An ALJ need not explicitly discuss each factor, and he may decline to credit a claimant's subjective complaints if the evidence as a whole is inconsistent with the claimant's testimony. *Id*.

[5] Alexander said that he could prepare meals, care for himself, drive, shop in stores, and go outside. (Tr. at 285–288). Such daily activities undermine his claims of disability. *Edwards v. Barnhart*, 314 F.3d 964, 967 (8th Cir. 2003).

48, 54–58). He noted Alexander's daily activities in the decision. (Tr. at 14). He also went into detail about Alexander's past work at Step Four of the decision. (Tr. at 18). The ALJ also wrote about the nature and location of Alexander's pain, his response to treatment, and any side effects from medication. (Tr. at 14–18). He thoroughly addressed the objective medical evidence and the types of surgeries Alexander underwent. *Id*. The ALJ's finding that Alexander's subjective complaints were not entirely consistent with the record as a whole was well-supported.[6]

### IV.   Conclusion

There is substantial evidence to support the Commissioner's decision that Alexander was not disabled. The ALJ properly considered Alexander's subjective complaints.

IT IS THEREFORE RECOMMENDED that the Commissioner's decision be AFFIRMED and that judgment be entered for the Defendant.

DATED this 1st day of March, 2022.

_____
UNITED STATES MAGISTRATE JUDGE

---

[6] Underscoring the ALJ's determination is Alexander's repeated non-compliance with treatment, which is a factor to consider when evaluating subjective complaints.